JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
G.L. by and through his parent, S.H. and S.H.

### DEFENDANTS
Saucon Valley School District

(b) County of Residence of First Listed Plaintiff: **Northampton County, PA**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Northampton County, PA**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Angela Uliana-Murphy of Murphy & Murphy, P.C.
P.O. Box 97, 106 North Franklin Street, Pen Argyl PA 18072
610-863-8502

Attorneys *(If Known)*
Karl Romberger, of Sweet Stevens Katz & Williams
331 East Butler Avenue, New Britain PA 18901
215-345-9111

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| | | | | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☒ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
Individuals with Disabilities Education Act, 20 U.S.C. Section 1400, et. seq.

Brief description of cause:
Appeal of the Decision of the Hearing Officer under the IDEA

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ IDEA Appeal

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 12/3/15
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| G.L., by and through his parent, S.H., and S.H. | : | CIVIL ACTION |
| v. | : | |
| Saucon Valley School District | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (x)

| 12/3/15 | _Attorney-at-law_ | Attorney for Plaintiffs |
|---|---|---|
| Date | | |
| 610-863-8502 | 610-863-3022 | murphylaw@epix.net |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1457 Manor Drive, Bethlehem PA 18015

Address of Defendant: 2097 Polk Valley Road, Hellertown PA 18055

Place of Accident, Incident or Transaction: Saucon Valley School District, 2097 Polk Valley Road, Hellertown, Northampton County, Pennsylvania *(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒

RELATED CASE, IF ANY:
Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
   (Please specify) _____

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Angela Uliana-Murphy, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 12/3/15   _____ Attorney-at-Law   49897 Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12/3/15   _____ Attorney-at-Law   49897 Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| G.L, by and through his parent, S.H.; and S.H. | : |
| Plaintiffs, | : Civil Action No. |
| v. | : |
| Saucon Valley School District | : |

## COMPLAINT

Plaintiffs G.L., by and through his parent, S.H. and S.H., bring this suit against defendant, Saucon Valley School District, and allege as follows:

## NATURE OF THE ACTION

1. G.L. is a 11 year old student who has been identified as a student with a disability in need of specially designed instruction under the disability category of Emotional Disturbance. He was previously identified as a student with a Speech and Language Impairment. G.L. is entitled to special education under the Individuals with Disabilities Education Improvement Act (IDEA), 20 U.S.C. Sections 1400 *et seq.*

2. S.H. requested an administrative due process hearing seeking an appropriate placement for G.L. and alleging that he was denied a free and appropriate public education from April of 2013, including the 2013-2014, 2014-2015 school years and continuing to the present.

3. G.L. has significant emotional needs that cannot be met in the public school setting. As a result, S.H. sought a highly specialized, intensive program to meet G.L.'s needs. G.L.'s individualized education program (IEP) from the end of the 2012-2013 school year failed to meet his needs. G.L.'s behavioral needs were not adequately assessed or addressed. His IEPs contained no Positive Behavior Support Plan or behavioral goals until June of 2014. His

difficulties with peer interactions and underlying emotional issues were also not addressed in the IEPs. The educational placements provided to G.L. were not appropriate to meet his academic or functional needs as required by the IDEA.

4. G.L. failed to make meaningful education progress from the end of the 2012-2013 school year through the present time.

5. On September 20, 2015, Hearing Officer William Culleton issued a decision that denied S.H.'s placement request and determined that the District did not deny G.L. a free and appropriate public education.

6. The Hearing Officer's decision denying the S.H.'s placement request and finding that G.L. was not denied a free and appropriate public education from the end of the 2012-2013 school year through the present time violates the IDEA. This is an appeal of that decision.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this matter pursuant to 20 U.S.C. Section 1415 (i)(2) and (3), as an appeal of an administrative hearing under the IDEA and pursuant to 28 U.S.C. Section 1331.

8. Venue is proper pursuant to 28 U.S.C. Section 1391(b) in that the district is located in the Eastern District of Pennsylvania and because a substantial part of the events and/or omissions giving rise to the Plaintiffs' claims occurred in this judicial district.

## THE PARTIES

9. G.L. is 11 years old and resides with his family within the District in Northampton County, Pennsylvania. G.L.brings this action by and through his parent, S.H.

10. S.H. is the mother of G.L. She has primary physical custody of G.L. and has the right to make educational decisions for him.

11. The District is a school district in Northampton County, Pennsylvania and is a local educational agency (LEA) within the meaning of the IDEA. As such, it receives federal funds for the purpose of educating children with disabilities within its boundaries.

**ADMINISTRATIVE EXHAUSTION**

12. On April 30, 2015, S.H. brought a due process complaint pursuant to the IDEA seeking an appropriate placement for G.L. and compensatory education from April of 2013.

13. A due process hearing was held over the course of three hearing sessions on June 19, 2015, August 31, 2015 and September 3, 2015.

14. In a decision dated September 20, 2015, Hearing Officer William Culleton found that the district did not fail to provide G.L. with a free and appropriate public education (FAPE) during the relevant time period and denied and dismissed the Plaintiffs' complaint.

15. The Hearing Officer erred in finding that the District's failure to timely assess G.L, conduct an Functional Behavioral Assessment (FBA), and provide a Positive Behavior Support Plan (PBSP) were procedural errors.

16. The Hearing Officer's findings that the services provided to the student were appropriate were not supported by the record and constitute a violation of the IDEA.

17. There was not sufficient evidence at the due process hearing to support the conclusion that G.L. made meaningful educational progress on his IEP goals.

18. There was not sufficient evidence at the due process hearing to support the conclusion that the behavioral assessments conducted by the District were sufficient.

19. The Hearing Officer erred in basing his decision on the conclusion that the verbal reports of G.L. were not credible. G.L. did not testify and an independent evaluation ordered by the Hearing Officer found G.L.'s statements to be valid and required significant, specialized support.

20. The Hearing Officer erred in failing to consider an independent evaluation ordered by him after the first hearing session. The independent evaluation supported the concerns of S.H. and the validity of the reports made by G.L.

21. Ignoring the reports made by G.L and the conclusions of the independent report result violate the IDEA.

22. There was not sufficient evidence at the due process hearing that the District provided G.L. with a free and appropriate public education to support such a finding by the Hearing Officer.

23. The decision that the District did not deny G.L. a free and appropriate public education violated the IDEA.

**FACTUAL BACKGROUND**

24. G.L. received special education and related services from the District.

25. G.L. has a history of extreme behavioral issues. He also has language and social skills deficits.

26. G.L. was initially identified as a student with a Speech and Language Impairment and received services through an IEP. From Kindergarten, he displayed serious behaviors such as tantrums, screaming, cursing, hitting and making threats.

27. In March of 2013, G.L.'s behavior significantly deteriorated. He was hospitalized in May of 2013 and during the 2013-2014 school year.

28. In November of 2013, G.L. was placed in a school based Partial Hospitalization program (PHP).

29. During the 2013 school year, the district failed to assess and address G.L.'s emotional and functional needs.

30. G.L. was not reevaluated until the fall of 2013. The Reevaluation Report (RR) was

completed in December of 2013 and was one month late.  No FBA was completed as part of the RR.

31.  An IEP was developed on January 9, 2014.  The IEP did not note behaviors as a concern for G.L.   The IEP did not contain any behavioral goals or behavior plan.

32.  G.L.  continued to struggle with behaviors throughout the 2013-2014 school year.  An FBA was finally conducted in May of 2014.  This appears to be the first FBA in the record and serious behaviors were noted by history and during the current school year.

33. In November of 2014, G.L. was discharged from the PHP and placed in a Therapeutic Emotional Support class.

34. This placement has continued not to meet G.L.'s needs.   Problem behaviors continued as well as difficulties with peer interaction.

35.  G.L. has expressed serious emotional concerns which have been ignored by the school and were not assessed or addressed in his educational placements.

36. The PHP and the Therapeutic Emotional Support placements have not assisted G.L. in addressing his underlying behavioral issues.

37. G.L. requires a highly specialized, intensive program to address his needs.

38. G.L.  has also failed to make meaningful academic progress in the area of Reading.  It does not appear that G.L.'s academic needs have been appropriately assessed.

39. As a result of the district's failure to adequately assess and support G.L.'s behavioral and academic needs, he has been denied a Free and Appropriate Public Education (FAPE).

40. As a result of the denial of FAPE, G.L. is entitled to an award of compensatory education from April of 2013 until such time as an appropriate placement is developed for him.

41. G.L. also requires an appropriate highly specialized and intensive program to meet his

behavioral and emotional needs.

**COUNT I: THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT**

42. All paragraphs above are incorporated herein by reference as if fully set forth.

43. The District failed to provide G.L. with a free and appropriate public education from the end of the 2012-2013 school year through the present time.

44. The District failed to provide G.L. with an IEP that was reasonably calculated to allow him to receive meaningful educational benefits in violation of the IDEA.

45. The evidence at the special education due process hearing established that G.L. did not receive a free and appropriate public education free and appropriate public education from the end of the 2012-2013 school year through the present time.

46. The evidence at the special education due process hearing established that G.L. requires a highly specialized, intensive placement to meet his emotional and behavioral needs.

47. The Hearing Officer violated the IDEA in determining that the District did not deny G.L. a free and appropriate public education and by failing to order an appropriate placement for G.L.

**RELIEF REQUESTED**

Wherefore, the Plaintiffs request that this Court:

1. Hear additional evidence on the appropriateness of G.L's IEP and whether the District provided him with a free and appropriate public education from the end of the 2012-2013 school year through the present time.

2. Reverse the decision of the Hearing Officer and order all relief that is appropriate under the IDEA, including but not limited to compensatory education and prospective placement.

3. Order the District to pay Plaintiffs their attorneys' fee and costs incurred in litigating this action pursuant to 20 U.S.C. Sections 1415(i)(3)(B).

4. Grant any other relief as the Court deems just and proper.

Dated: December 3, 2015                    MURPHY & MURPHY, P.C.

                                           Angela Uliana-Murphy, Esquire
                                           Attorney I.D. No. 49897
                                           106 North Franklin Street
                                           P.O. Box 97
                                           Pen Argyl PA 18072
                                           610-863-8502 (office)
                                           610-863-3022 (fax)
                                           murphylaw@epix.net

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| G.L, by and through his parent, S.H.; and S.H. | : |
| Plaintiffs, | : Civil Action No. |
| v. | : |
| Saucon Valley School District | : |

**CERTIFICATE OF SERVICE**

    I, Angela Uliana-Murphy, hereby certify that on the foregoing Complaint was served upon the following counsel of record via regular mail:

Karl Romberger, Esquire
Sweet, Stevens, Katz & Williams
331 East Butler Avenue
New Britian PA 18091


December 3, 2015

                                                                     Angela Uliana-Murphy
                                                                     Attorney I.D. No. 49897
                                                                     106 North Franklin Street
                                                                     P.O. Box 97
                                                                     Pen Argyl PA 18072
                                                                     610-863-8502 (office)
                                                                     610-863-3022 (fax)
                                                                     murphylaw@epix.net